UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------X

HOOVER VALENCIA and JESUS CAMPOS, individually and on
behalf of all others similarly situated,                                                   CIVIL ACTION NO.

                                   Plaintiffs,

                                               COMPLAINT

               -against-

STATEWIDE RESTORATION OF NEW YORK, INC.,
STATEWIDE CONSTRUCTION SERVICES OF NY, INC., and
WAYNE NOEL,

                                   Defendants.

--------------------------------------------------------------------------------X

Plaintiffs Hoover Valencia and Jesus Campos (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Katz Melinger PLLC, complaining of the defendants, Statewide Restoration of New York, Inc. ("Statewide Restoration"), Statewide Construction Services of NY, Inc. ("Statewide Construction"), and Wayne Noel ("Noel") (collectively, "Defendants"), respectfully allege as follows:

## I. Nature of Action, Jurisdiction, and Venue

1.      This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"); the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"); and any other cause of action which can be inferred from the facts herein.

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3.      This Court has supplemental jurisdiction over the claims arising under New York law pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiffs'

federal claims as to form the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiffs, within this judicial district.

## II. Parties

5.      Plaintiffs are individuals residing in the State of New York.

6.      At all relevant times, Plaintiffs were employed by Defendants.

7.      While employed with Defendants, Plaintiffs were regularly engaged in interstate commerce and/or in the production of goods for commerce.

8.      Plaintiffs are covered employees within the meaning of the FLSA and the NYLL.

9.      Statewide Restoration is a domestic corporation with its principal place of business located at 1574 Lakeland Ave, Suite 5, Bohemia, New York 11716.

10.      Statewide Construction is a domestic corporation with its principal place of business located at 33 Comac Loop, Suite 8, Ronkonkoma, New York 11779.

11.      Noel is an individual residing, upon information and belief, in the State of New York.

12.      At all relevant times, Noel was and still is an owner and/or person in control of Statewide Construction and Statewide Restoration, who exercised significant control over the companies' operations and had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

13.     At all relevant times, Defendants were responsible for setting Plaintiffs' schedule and day-to-day activities and for supervising their performance.

14.     At all relevant times, Defendants had the power to discipline and terminate Plaintiffs.

15.     At all relevant times, Defendants were responsible for compensating Plaintiffs.

16.     At all relevant times, Plaintiffs were covered employees within the meaning of the FLSA and NYLL.

17.     Defendants are covered employers within the meaning of the FLSA and NYLL, and, at all relevant times, employed Plaintiffs.

18.     Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of the minimum required to fall within the jurisdiction of the FLSA.

19.     Defendants operate in interstate commerce.

20.     All Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

21.     The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiffs on behalf of themselves and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint, and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

22.     The FLSA Collective Plaintiffs consist of no less than fifteen (15) similarly situated current and former employees of Defendants who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

23.     While employed with Defendants, Plaintiffs and the FLSA Collective Plaintiffs were non-exempt employees pursuant to the FLSA.

24.     However, despite routinely working more than forty (40) hours per week, Plaintiffs and the FLSA Collective Plaintiffs were not paid overtime compensation of one and one-half times their regular hourly rates of pay or the applicable minimum wage rates, whichever is greater, for the hours they worked in excess of forty (40) per week.

25.     As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay the applicable overtime wages for all time worked in excess of forty (40) hours per week.

26.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

27.     Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Plaintiffs.

28.     The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## IV. Factual Allegations

<u>Hoover Valencia</u>

29.     Valencia worked for Defendants as a painter and construction worker from in or around October 2017 until on or around July 31, 2020 and from on or around June 21, 2021 until on or around June 3, 2022.

30.     As a painter and construction worker, Valencia's primary job duties consisted of performing construction work at commercial work sites, demolishing structures, cleaning worksites, renovation work, and interior and exterior painting.

31.     Throughout his employment with Defendants, Valencia regularly worked six (6) days per week from Mondays through Saturdays for approximately forty-eight (48) to seventy-two (72) hours worked per week.

32.     Valencia also occasionally worked on Sundays for an additional eight and a half (8.5) hours.

33.     During his employment with Defendants, Valencia typically took breaks during his shifts that lasted thirty (30) minutes or less.

34.     Throughout Valencia's employment, Defendants tracked his work hours using a time-tracking application known as Tsheets, through which Valencia was required to sign in and out at the start and end of each work day, or by requiring Valencia to send text messages with his daily work hours to Defendants' accountants at the end of each week.

35.     From in or around October 2017 until on or around December 31, 2019, Defendants paid Valencia $26.00 per hour for all hours worked, including the hours Valencia worked over forty (40) per week.

36.     From in or around January 2020 until on or around July 31, 2020, Defendants paid Valencia $29.00 per hour for all hours worked, including the hours Valencia worked over forty (40) per week.

37.     From on or around June 21, 2021 until on or around June 3, 2022, Defendants paid Valencia $30.00 per hour for all hours worked, including the hours Valencia worked over forty (40) per week.

38.     Defendants only paid Valencia for his first forty (40) hours of work on a weekly basis and paid the rest of his wages on a monthly basis.

<u>Jesus Campos</u>

39.     Campos worked for Defendants as a construction worker from on or around June 14, 2021 until on or around September 26, 2022.

40.     As a construction worker, Campos' primary job duties consisted of performing construction at commercial work sites, mixing cement, installing tiles, and renovation work.

41.     Throughout his employment with Defendants, Campos regularly worked six (6) days per week from Mondays through Saturdays for approximately forty-five (45) to sixty (60) hours per week, although he occasionally worked as many as seventy-three (73) hours per week.

42.     Campos was typically afforded a fifteen (15) minute break in the morning and a thirty (30) minute break in the afternoon during his shifts.

43.     Throughout Campos' employment, Defendants tracked his work hours by requiring him to sign in at the start of the day and sign out at the end of the day on timesheets provided by Defendants' secretary.

44.     From on or around June 14, 2021 until on or around September 26, 2022, Defendants paid Campos $23.00 per hour for all hours worked, including the hours Campos worked over forty (40) per week.

45.     Defendants only paid Campos for his first forty (40) hours of work on a weekly basis and paid the rest of his wages on a monthly basis.

<u>Plaintiffs' Claims Under the FLSA and NYLL</u>

46.     Plaintiffs were non-exempt employees under the FLSA and NYLL and were entitled to receive overtime compensation for all hours they worked in excess of forty (40) per week.

47.     Plaintiffs were not paid overtime compensation of one and one-half times the minimum wage rate or their regular hourly rate of pay, whichever is greater, for all hours worked in excess of forty (40) per week.

48.     Defendants also failed to pay Plaintiffs all of their earned wages on a weekly basis as required under the NYLL § 191(1)(a).

49.     Defendants also failed to furnish to Plaintiffs payroll notices at the time of their hire, or at any time thereafter, containing Plaintiffs' rates of pay, the designated payday, or other information required by NYLL § 195(1).

50.     Defendants further failed to furnish to Plaintiffs, with each wage payment, an accurate statement listing Plaintiffs' regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS,
INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Overtime Violations under the FLSA)*

51.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat and reallege all prior allegations set forth above.

52.     Pursuant to the applicable provisions of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

53.     Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

54.     Throughout the relevant period, Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

55.     As a result of Defendants' violations of the law and failure to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime wages, Plaintiffs and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

56.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs and the FLSA Collective Plaintiffs are entitled to liquidated damages.

57.     Judgment should be entered in favor of Plaintiffs and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid

overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
*(Overtime Violations under the NYLL)*

58.     Plaintiffs repeat and reallege all prior allegations set forth above.

59.     Pursuant to the applicable provisions of the NYLL, Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

60.     Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

61.     Throughout the relevant period, Defendants knowingly failed to pay Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

62.     As a result of Defendants' violations of the law and failure to pay Plaintiffs the required overtime wages, Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

63.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

64.     Judgment should be entered in favor of Plaintiffs and against Defendants on the Second Cause of Action in the amount of Plaintiffs' unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
*(Failure to Timely Pay Wages under the NYLL)*

65.     Plaintiffs repeat and reallege all prior allegations set forth above.

66.     Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiffs were entitled to be paid their earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

67.     Throughout Plaintiffs' employment, Defendants routinely failed to pay Plaintiffs all of their earned wages in accordance with the agreed-upon terms of Plaintiffs' employment.

68.     Defendants only paid Plaintiffs for their first forty (40) hours worked per week on a weekly basis and paid Plaintiff the rest of their wages on a monthly basis.

69.     As a result of Defendants' violations of the law and failure to pay Plaintiffs in accordance with NYLL § 191(1)(a)(i), Plaintiffs have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

70.     As Defendants did not have a good faith basis to believe that their failure to pay wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

71.     Judgment should be entered in favor of Plaintiffs and against Defendants on the Third Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
*(Failure to Provide Payroll Notices Under the NYLL)*

72.     Plaintiffs repeat and reallege all prior allegations set forth above.

73.     Defendants failed to furnish to Plaintiffs a notice containing the rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and other information required by NYLL § 195(1).

74.     As Defendants failed to provide Plaintiffs with a payroll notice as required by NYLL § 195(1), Plaintiffs are entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

75.     Judgment should be entered in favor of Plaintiffs and against Defendants on the Fourth Cause of Action in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

<u>**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**</u>
(*Failure to Provide Payroll Notices Under the NYLL*)

76.     Plaintiffs repeat and reallege all prior allegations set forth above.

77.     Defendants failed to furnish to Plaintiffs, with each wage payment, a statement listing Plaintiffs' regular and overtime rates of pay; the number of regular and overtime hours worked, gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

78.     As Defendants failed to provide Plaintiffs with wage statements as required by NYLL § 195(3), Plaintiffs are entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

79.     Judgment should be entered in favor of Plaintiffs and against Defendants on the Fifth Cause of Action in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**WHEREFORE** Plaintiffs pray for relief as follows:

a)  on the First Cause of Action on behalf of Plaintiffs and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiffs and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b)  on the Second Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c)  on the Third Cause of Action for all unpaid wages, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d)  on the Fourth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

e)  on the Fifth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

f)  interest;

g)  costs and disbursements; and

h)  such other and further relief as is just and proper.

Dated: New York, New York
       February 28, 2023

/s/ Adam Sackowitz
Adam Sackowitz
Katz Melinger PLLC
370 Lexington Avenue, Suite 1512
New York, New York 10017
T: (212) 460-0047
F: (212) 428-6811
ajsackowitz@katzmelinger.com
*Attorneys for Plaintiffs*